UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 OCT -4 AM 11: 2ɨ
U.S. D~~~~~~~
N.D. OF ALABAMA

RUSSELL SISK, )
)
    Plaintiff, )
)
vs. )   Civil Action No. CV-01-S-2158-NE
)
MIA L. PUCKETT AND CITY )
OF HUNTSVILLE )
)
    Defendants. )

ENTERED
OCT - 4 2001

**MEMORANDUM OPINION**

    This action was instituted in the Circuit Court of Madison County, Alabama on August 17, 2001, but removed by defendants on August 24, 2001, allegedly on the basis of federal question jurisdiction under 28 U.S.C. § 1331. The controversy now is before the court on defendants' Rule 12(b)(6) motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted, and, plaintiff's motion to remand. Upon consideration of the motions and pleadings, the court finds each is due to be granted in part.

I. STANDARDS OF REVIEW

    In general, a court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of plaintiff's complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief.")).[1]

In ruling upon a Rule 12(b)(6) motion, the court must accept the pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232; *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Notice pleading is all that is required: that is,

> "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. ... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley*, 355 U.S. at 47-48, 78 S.Ct. at 103 (citation omitted); *see also* Fed. R. Civ. P. 8(a)(2).[2]

"A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any possible theory*." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citing *Robertson v. Johnston*, 376

---

[1] *See also, e.g., Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley*, 355 U.S. at 45-46, 78 S.Ct. at 102), *reh'g denied*, 840 F.2d 25, *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2822, 100 L.Ed.2d 923 (1988); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

[2] Federal Rule of Civil Procedure 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief...." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. ...

*Id.* at 1368-69 (citation omitted).

F.2d 43 (5th Cir. 1967)[3]).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)).

This low bar has been raised, however, with respect to some of the claims asserted by plaintiff herein, which purport to be based upon 42 U.S.C. § 1983. *See, e.g., GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998).

> [W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing [his] complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out [his] claim. ... Some factual detail in the pleadings is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.

*Id.* at 1367 (citations omitted). Even so, this "heightened pleading standard" may not be imposed with respect to § 1983 claims asserted against municipalities, such as defendant City of Huntsville, Alabama ("the City"). *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993).[4] Stated differently, the heightened pleading standard is applicable only to plaintiff's § 1983 claims against the individual defendant, Mia L. Puckett.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[4] In *Leatherman*, the Court held that federal courts may not apply the "heightened pleading" standard in civil rights cases alleging municipal liability under § 1983. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993).

## II. FACTUAL BACKGROUND

Plaintiff, Russell Sisk, is an employee of the City. He seeks declaratory and injunctive relief against defendants for alleged violations of rights secured by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and, the City's Personnel and Procedures Manual.[5]

Plaintiff's claims arise out of the failure of the City to select him for promotion to one of eleven "Recreation Coordinator" positions filled on March 20, 2001.[6] The persons selected to fill those positions were judged to be the best qualified applicants, based upon evaluations conducted by the City's Director of Human Resources, defendant Mia L. Puckett, "who assigned a raw numerical score that reflected each person's qualifications and/or qualification's [sic] ranking for the eleven Recreation Coordinator positions."[7] Plaintiff filed a grievance with Puckett, objecting to her alleged violation of the City's Personnel and Procedures Manual.[8]

Dissatisfied with Puckett's action on his grievance, plaintiff appealed to the City's Personnel Committee for *de novo* review. During the course of proceedings before the committee, it became apparent that the "raw numerical scores" of the eleven persons selected to fill the Recreation Coordinator positions were necessary to an informed evaluation of the merits of plaintiff's claims of discrimination and violations of the City's Personnel and Procedures Manual.[9] On May 16, 2001, therefore, the committee voted that plaintiff be given these raw numerical scores.[10] Puckett refused to do so, and that led to the filing of plaintiff's state court action, seeking both a declaratory

---

[5] Notice of Removal (doc. no. 1) Exhibit A (complaint), at ¶ 2, 17.
[6] *Id.* at ¶ 9.
[7] *Id.* at ¶ 13.
[8] *Id.* at ¶ 10.
[9] *Id.* at ¶ 11, 14.
[10] *Id.* at ¶ 15.

4

judgment and injunctive relief.[11]

### III. DISCUSSION

Section 1983 is purely a remedial vehicle. "It creates a cause of action, but does not itself bestow jurisdiction upon the district court." *Fountain v. Metropolitan Atlanta Rapid Transit Authority*, 678 F.2d 1038, 1042 n.7 (11th Cir. 1982). Stated somewhat differently, § 1983 does not create independent substantive rights; it merely provides a remedy for violations of existing constitutional and federal statutory rights by persons acting "under color of" state law. *See, e.g., City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 2432, 85 L.Ed.2d 791 (1985); *Wilson v. Garcia*, 471 U.S. 261, 278, 105 S.Ct. 1938, 1948, 85 L.Ed.2d 254 (1985); *Skinner v. City of Miami, Florida*, 62 F.3d 344, 347 (11th Cir. 1995).

A § 1983 plaintiff therefore must allege and prove the violation of some right protected by federal law. *American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 49-50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Skinner*, 62 F.3d at 347. "[S]ection 1983 must not supplant state tort law; liability is appropriate solely for violations of federally protected rights." *Almand v. DeKalb County, Georgia*, 103 F.3d 1510, 1513 (11th Cir. 1997). In other words, a violation of a state statute or municipal ordinance, by itself, is not sufficient to establish a violation of a constitutional right needed to prevail in a § 1983 action. The only federally protected rights that plaintiff asserts defendants violated are those secured by the Fifth, Sixth, and Fourteenth Amendments.

Defendants contend that plaintiff's § 1983 claims against the City should be dismissed because of plaintiff's failure to identify any municipal policy or custom forming the basis of plaintiff's constitutional claims. "[A] municipality may not be held liable under § 1983 solely

---

[11] *Id.* at ¶ 16.

because it employs a tortfeasor." *Board of County Commissioners v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997). The Supreme Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id*. "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the alleged injury." *Id*. at 404, 117 S.Ct. 1388. Plaintiff's complaint fails to identify any municipal policy or custom adopted by the City that caused the violation of his constitutional rights. Accordingly, plaintiff's § 1983 claims against the City are due to be dismissed.

Applying the "heightened pleading" standard to plaintiff's remaining § 1983 claims against Mia L. Puckett, the court finds that none of plaintiff's underlying constitutional causes of action state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Plaintiff's complaint asserts that Puckett's action violated his rights under the Fourteenth Amendment.[12] Although the complaint is not clear as to which of plaintiff's Fourteenth Amendment rights allegedly were violated, vague references are made to "due process" and "equal protection" rights.[13] Even so, plaintiff fails to state either a procedural or substantive due process claim for which relief may be granted.

"To establish a procedural due process claim, a plaintiff must first show the deprivation of a liberty or property interest protected by the Due Process Clause." *Cypress Insurance Co. v. Clark*, 144 F.3d 1435, 1436 (11th Cir. 1998) (citing *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Nothing in plaintiff's complaint indicates that he has a protected liberty interest in the raw scores of the selected applicants. On the other hand, "[t]o have a property interest

---

[12] *Id*. at ¶ 17.
[13] *Id*. at ¶ 23.

6

in a benefit, a person clearly must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709. "Property interests ... are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or undertakings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* Plaintiff identifies no statute, rule, ordinance, or understanding that provides him with a legitimate claim of entitlement to the raw scores of other applicants for the position he sought. Although plaintiff may assert that the personnel committee's vote to provide him with the scores gave him a legitimate claim of entitlement to them, the committee's voluntary decision to provide plaintiff with the scores does not give plaintiff a *constitutionally protected* property interest that did not exist otherwise. *See Jefferies v. Turkey Run Consolidated School District*, 492 F.2d 1, 3 (7th Cir. 1974) ("The fact that a state, or School Board, may voluntarily communicate more information to her, or receive more information from her, than the Constitution requires, is not itself sufficient to create a federal right that does not exist otherwise."); *Carr v. Board of Trustees of University of Akron*, 465 F. Supp. 886, 901 (N.D. Ohio 1979) ("The university's voluntary provision of guidelines for retention decisions and of certain procedures upon termination of a non-tenured faculty member does not give rise to a constitutionally protected property interest which does not otherwise exist ...."). Thus, plaintiff has failed to show he has a protected property interest in the scores; and, his procedural due process claims under the Fourteenth Amendment are due to be dismissed.

Plaintiff also has failed to state a substantive due process claim upon which relief can be granted. Unlike procedural due process, "substantive due process rights are created only by the Constitution." *Regents of University of Michigan v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) (Powell, J., concurring). Plaintiff's complaint fails to assert that Puckett's

refusal to provide him with the raw scores deprived him of any constitutionally guaranteed right. Accordingly, plaintiff's substantive due process claims under the Fourteenth Amendment are due to be dismissed.

Similarly, plaintiff has failed to state a Fourteenth Amendment equal protection claim upon which relief can be granted. "[T]o properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately." *Thigpen v. Bibb County Georgia, Sheriff's Department*, 223 F.3d 1231, 1237 (11th Cir. 2000) (citing *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1985)). Plaintiff's complaint as it is presently framed does not allege any unequal treatment or discriminatory motive on the part of Puckett in refusing to provide the scores to plaintiff. Accordingly, plaintiff's equal protection claims under the Fourteenth Amendment are due to be dismissed.

Plaintiff also contends that Puckett's action violated rights secured by the Fifth Amendment.[14] Once again, plaintiff's complaint fails to identify which of his Fifth Amendment rights were violated, but makes vague references to due process.[15] The Fifth Amendment due process clause, however, applies only to the federal, not state, government. *See Buxton v. City of Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989) ("The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains

---

[14] *Id.* at ¶ 17. The Fifth Amendment provides:
No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property without due process of law; nor shall private property be taken for public use without just compensation.
U.S. Const., amend. V.

[15] Notice of Removal (doc. no. 1) Exhibit A (complaint), at ¶ 23.

the states, from depriving any person of life, liberty, or property without due process of law."). Plaintiff has made no allegations that Puckett's action was under color of federal law. Accordingly, plaintiff's Fifth Amendment claim is due to be dismissed.

Finally, plaintiff contends that Puckett's action violated his rights secured by the Sixth Amendment.[16] The Sixth Amendment provides numerous rights to the accused in criminal prosecutions. U.S. Const., amend. VI. In the instant case, plaintiff was not the subject of a criminal prosecution. Beyond his bare allegations that Sixth Amendment rights were violated, plaintiff has not alleged any fact that would implicate the protections of the Sixth Amendment. Accordingly, such claims also are due to be dismissed.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is due to be granted in part. With the dismissal of plaintiff's § 1983 claims for alleged violations of his rights under the Fifth, Sixth, and Fourteenth Amendments, the basis for this court's exercise of original jurisdiction under 28 U.S.C. § 1331 disappear. This court, therefore, exercises its discretion, and remands plaintiff's remaining state law claims to the Circuit Court of Madison County, Alabama, from which the action was removed. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction ...."); *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7, 108 S.Ct. 614, 619 n.7, 98 L.Ed.2d 720 (1988) ("[I]n the usual case in which all

---

[16] *Id.* at ¶ 17. The Sixth Amendment provides:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence.
U.S. Const., amend. VI.

federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise supplemental jurisdiction over the remaining state-law claims.").

An appropriate order consistent with this memorandum opinion shall be issued contemporaneously herewith.

DONE this 4th day of October, 2001.

_____
United States District Judge